# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV931 SNL |
| | ) | |
| CITY OF ST. LOUIS POLICE | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of John Woods, an inmate at St. Charles County Jail, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. See 28 U.S.C. § 1915(b)(1). Additionally, the Court will partially dismiss the complaint and will order the Clerk to serve process or cause process to issue as to the nonfrivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $5.00, and an average monthly balance of $0.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.00, which is 20 percent of plaintiff's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged false arrest, false imprisonment, and excessive force. Named as defendants are the City of St. Louis Police Department, Daniel Boyd (police officer), Unknown Tyson (same), Unknown McCallister (sergeant). Plaintiff seeks monetary relief.

Plaintiff alleges that on July 4, 2004, at approximately 3:00 a.m. he left the motel room he was renting and proceeded to his vehicle. Plaintiff claims that defendant Boyd approached him from the opposite side of the vehicle and told plaintiff to step around to the other side of the vehicle. Boyd then proceeded to where plaintiff was standing and picked an object up off the ground. Boyd asked plaintiff if the object was his, and

plaintiff denied that it was. Plaintiff alleges that Boyd then got upset with plaintiff, handcuffed him, and hit him on the chest causing him to fall to the ground. Boyd later stated that the found object was drugs.

Plaintiff alleges that defendant McCallister later arrived on the scene and assessed the situation. Plaintiff claims that McCallister told Boyd that there was no probable cause to arrest plaintiff and that there was no evidence by which a jury could find that plaintiff had committed a crime. Plaintiff says that McCallister then told Boyd to falsify the police report so as to secure plaintiff's conviction for a crime he did not commit.

Plaintiff claims that he was held for approximately 20 hours and was released on July 5, 2004.

Plaintiff also repeats various allegations relating to a 2003 arrest by defendants Boyd and Tyson. However, the Court need not address these allegations because plaintiff previously brought these allegations before the Court and they were dismissed as frivolous. Woods v. St. Louis Police Dept., 4:06CV226 HEA (E.D. Mo.); Woods v. St. Louis Police Dept., 4:05CV2383 HEA (E.D. Mo.).

**Discussion**

Plaintiff's allegations against Boyd and McCallister survive initial review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time. As a result, the

Court will order the Clerk to serve these defendants or cause them to be served with process.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendant Tyson was directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B) as to Tyson.

Finally, the complaint is frivolous as to the City of St. Louis Police Department because police departments are not suable entities under § 1983. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (1992). And even if plaintiff had named the City of St. Louis as defendant, the complaint would fail to state a claim against the City because plaintiff has not alleged that a custom or policy of the City was the cause of the alleged deprivation of his constitutional rights. E.g., Grayson v. Ross, 454 F.3d 802, 811 (8th Cir. 2006).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Daniel Boyd and Unknown McCallister.[1]

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Boyd and McCallister shall reply to plaintiff's claims within the time

---

[1] These defendants are alleged to be employed by the City of St. Louis Police Department.

provided by the applicable provisions of Rule 12 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue as to defendants City of St. Louis Police Department and Unknown Tyson because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of partial dismissal shall accompany this Memorandum and Order.

Dated this 31st day of May, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE