UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN HENRY WOODS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CITY OF ST. LOUIS POLICE )<br>DEPARTMENT, et al., )<br>)<br>Defendant. ) | Case No. 4:07CV931 SNLJ |

## MEMORANDUM AND ORDER

This matter is before the Court on several motions filed by plaintiff. As these motions at times refer to previous motions, request the same actions, and make unrelated requests within one motion, this Court finds it best to dispose of all plaintiff's pending motions in one order. The motions at issue are plaintiff's: motion to compel (#32), filed on March 3, 2009; motion to amend his complaint (#34), filed March 30, 2009; motion for leave to file supplement motion to compel (#36), filed April 14, 2009; memorandum regarding his amended complaint (#37), filed April 14, 2009; motion for reconsideration (#38), filed April 21, 2009; motion for leave to request copies (#39), filed April 21, 2009; and motion for interrogatories (#40), filed April 21, 2009. Defendant only filed a response to plaintiff's motion for interrogatories #40 (#41) on April 21, 2009. Thus, this Court issued a show cause order (#42) to the defendant on May 21, 2009, requesting the defendant show cause why plaintiff's motions #32 and #36 should not be granted. In response (#43), the defendant chose only to state that the requests failed to comply with procedures established in the Federal Rules of Civil Procedure. Despite defendant's choice to ignore this Courts request for any substantive argument regarding these motions, this Court will now address plaintiff's requests.

## I. Procedural Background

Plaintiff filed this action on May 4, 2007, claiming a violation of his Fourth Amendment rights under 42 U.S.C. § 1983 relating to his arrest in July of 2004 in St. Louis City. Plaintiff brought suit against the City of St. Louis Police Department, Officer Dannieal Boyd, Unknown Tyson, and Officer Michael W. McAteer. Plaintiff alleges that Officer Boyd lacked probable cause to arrest him and search his vehicle, the defendants conspired to fabricate police reports, and his vehicle was taken into police custody and never returned.

Defendants City of St. Louis Police Department and Unknown Tyson were dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). on May 31, 2007. Defendant Boyd was dismissed on July 29, 2008, for plaintiff's failure to provide an address at which he could be served. Defendant McAteer currently is the only defendant.

## II. Motions

### 1. Defendants

Plaintiff requests to add Officer Boyd as a defendant. Plaintiff filed an amended complaint (#29) realleging the allegations against Officer Boyd that were in his original complaint. In Motion #32, plaintiff filed a memorandum informing the Court that document #29 was not intended as an amended complaint but rather as a new action against Officer Boyd that would later be joined with this action. Plaintiff explains this again in Motion #37. Additionally, plaintiff requests in Motion #37 to amend his complaint by interlination to add City of St. Louis Police Department and Officer Tyson, however, the motion addresses Officer Boyd's actions.

Officer Boyd was originally dismissed without prejudice for failure by plaintiff to provide the Court with an address at which Boyd could be served. Plaintiff now alleges that he can provide an address. This Court will view plaintiff's request for a new action to be filed and later

joined as a request to add Officer Dannieal Boyd as a party defendant, both in his individual and official capacities as originally named, and grant plaintiff's request. However, this Court admonishes plaintiff to file the address of Officer Boyd with the Court so that notice may be served. If Officer Boyd is not served, he will be dismissed with prejudice.

Additionally, Plaintiff did not amend his complaint to remove the allegations against defendant Boyd so there is no reason to add allegations by interlination as to defendant Boyd. This Court will treat plaintiff's original complaint and "amended complaint" (#29) as one complaint for the purposes of this action. Finally, to the extend that plaintiff is requesting to add City of St. Louis Police Department or Officer Unknown Tyson to this action, plaintiff's motion is denied.

**2. Discovery**

**a. City of St. Louis Police Department**

Plaintiff makes two discovery requests within his motions. Motion #32 includes a motion to compel documents from third-party John Clobe who appears to be a records keeper or the custodian of records at the City of St. Louis Police Department Headquarters. This request is explained further in Motion #36. Motion #38 requests this Court to reconsider Order #35 which denied a previous motion to overrule objections to interrogatories. Motion #40 then files the motion requesting the same interrogatories.

This Court will begin with the documents requested from the City of St. Louis Police Department. Plaintiff requests that John Clobe be compelled to furnish three sets of certified copies of all documents, reports, and electronically stored information regarding: (1) internal reports and investigations relating to Officer McAteer and Officer Boyd, including misconduct, complaints filed, and reason for leaving or discharge; (2) all information that concerns plaintiff and

3

any statements related to his action; (3) all computer checks run on plaintiff's vehicle from July 4, 2004, to August 23, 2004; (4) copies of the official complaint 911 call and police dispatch communications relating to the call; and (5) the identity of said confidential informant(s).

This Court holds that, because this action is based on the alleged misconduct of Officer Boyd, and Officer McAteer is alleged to be his supervisor, plaintiff is entitled to any reports or complaints that might relate to their misconduct. This Court will grant plaintiff's motion to compel the production of internal reports, investigations, reports of misconduct, complaints, and reason for leaving or discharge (if any) relating to Officer McAteer or Officer Boyd for the last 5 years.

This Court finds plaintiff's request for "all information that concerns . . . the plaintiff, also any statements in the above action in police report No. 04-053968." to be too vague. Plaintiff attached a copy of the police report to motion #36 so this Court is unclear what plaintiff means by statements in the above action in the police report. This Court does, however, believe plaintiff is entitled to a list of all computer checks run on his vehicle plate 015 RG3 between July 4, 2004, and August 23, 2004.

Finally, this Court finds that whether the police department received a 911 call regarding plaintiff on the night of July 4, 2004, is directly related to whether the police had probable cause. Therefore, plaintiff is entitled to a transcript of the 911 call and all police dispatch police communications relating to that call and plaintiff's arrest. However, the identity of the confidential information is immaterial to plaintiff's claims in this case. Therefore, plaintiff's request to compel the production of said identity is denied.

The Custodian of Records for the City of St. Louis Police Department is ordered to provide the plaintiff with three copies of: (1) internal reports and investigations relating to any

4

misconduct or complaints filed against Officer McAteer or Officer Boyd, as well as their reason for leaving or being discharged from the department (if any); (2) all computer checks run on plaintiff's vehicle from July 4, 2004, to August 23, 2004; and (3) a transcript of the 911 call and all police dispatch police communications relating to plaintiff's arrest on July 4, 2004.

### b. Defendant McAteer

Plaintiff also makes requests for Defendant McAteer to respond to several interrogatories. Defendant objected to several of plaintiff's interrogatories and plaintiff filed a motion for this Court to overrule the objections (#31). This Court denied the motion based on plaintiff's failure to attach a copy of the interrogatories or defendant's objections. Plaintiff moves for this Court to reconsider its denial in Motion #38 and again files a motion for the interrogatories in motion #40. Although plaintiff still failed to present this Court with defendant's objections, defendant filed his objections to the interrogatories in document #41.

Interrogatories one and two relate to Officer Ronald Williams who is not a party to this case and was not involved in the incidents at issue in this case. Therefore, defendant's objections to interrogatories 1 and 2 are sustained.

Interrogatory three asks: "On or about July 4, 2004, did in fact, the police officer Dannieal Boyd who was under your supervision have a probable cause to stop or search John Henry Woods on the indictmebt [sic] that he filed?" Defendant objects as vague and ambiguous and calls for a legal conclusion. This Court agrees and sustains defendant's objection.

Interrogatory five asks: "On July 4, 2004, was an official complaint made through a 911 call by a confidential information about the actions of John Henry Woods?" Defendant objects to the term "official complaint" as vague and ambiguous and argues that the information could be dangerous to the safety of the officers. This Court holds that although the pro se plaintiff's use of

5

the term "official complaint" may be an inaccurate descriptor, defendant is ordered to respond to whether a 911 call regarding plaintiff was received on July 4, 2009. Defendant does not need to provide the name or any identifying information regarding the caller.

Finally, interrogatory eight asks: "Has any other St. Louis Police Officer from the fifth District ever been relieved of duty for misconduct of filing false reports from 2003 to 2006?" Defendant objects, *inter ala*, as overbroad and not reasonably calculated to lead to the discovery of admissible evidence. This Court agrees. Only the actions of Officer Boyd and Officer McAteer are at issue. Defendant's objection is sustained.

### III. Copy of Case Documents

Plaintiff's motion #39 requests that this Court provide him with a copy of his complaint and all filings from document #1 through #30. This Court will grant plaintiff's request for one copy of each document #1 through #30.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel (#32) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that officer Dannieal Boyd is added as a defendant in both is individual and official capacity.

**IT IS FURTHER ORDERED** that the Custodian of Records for the City of St. Louis Police Department is compelled to turn over the records ordered in this memorandum by July 19, 2009.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend his complaint (#34) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file supplement to motion to compel disclosures(#36) is **GRANTED** and the documents filed were considered herein.

**IT IS FURTHER ORDERED** that plaintiff's memorandum regarding his amended complaint #29 (#37) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion for reconsideration of order #35 (#38) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to request copies (#39) is **GRANTED** and the Clerk of the Court is to provide plaintiff with one copy of documents #1 through #30 in the above action.

**IT IS FURTHER ORDERED** that plaintiff's motion for interrogatories (#40) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that defendant McAteer is ordered to respond by July 19, 2009, to interrogatory five regarding whether a 911 call regarding plaintiff was received by the City of St. Louis Police Department on July 4, 2004.

Dated this __12th__ day of June, 2009.

_____
UNITED STATES DISTRICT JUDGE