UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN HENRY WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:07CV931SNLJ |
| ) | |
| CITY OF ST. LOUIS POLICE ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff has filed a motion to appoint counsel (#64). The appointment of counsel for an indigent *pro se* plaintiff lies within the discretion of the Court. Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. Stevens v. Redwing, et. al., 146 F.3d. 538, 546 (8th Cir. 1998); Edgington v. Mo. Department of Corrections, 52 F.3d. 777, 780 (8th Cir. 1995); Rayes v. Johnson, 969 F.2d. 700, 702 (8th Cir. 1992). Once the plaintiff alleges a prima facie claim, thereby surviving a frivolity review pursuant to 28 U.S.C. §1915(d), the Court must determine the plaintiff's need for counsel to effectively litigate his claim. Edgington, *supra*.; Natchigall v. Class, 48 F.3d. 1076, 1081-82 (8th Cir. 1995); In re Lane, 801 F.2d. 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case involves the weighing of several factors which include the factual complexity of a matter, the complexity of legal issues, the existence of conflicting testimony, the ability of the indigent to investigate the facts, and the ability of the indigent to present his claim. See McCall v. Benson, 114 F.3d 754

(8th Cir. 1997); Stevens, *supra,;* Edgington, *supra*.; Natchigall, at 1080-81; Johnson v. Williams, 788 F.2d. 1319, 1322-1323 (8th Cir. 1986).

In this matter, the Court finds that appointment of counsel is not mandated at this time. The plaintiff continues to be able to litigate this matter, and nothing has occurred to indicate any need to appoint counsel at this point in time. This action appears to involve straightforward questions of fact rather than complex questions of law, and there is nothing to suggest that plaintiff is unable to clearly present and investigate his claim.

The Court will continue to monitor the progress of this case, and if it appears to this Court that the need arises for counsel to be appointed, the Court will do so.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel (#64), filed October 1, 2009 is **DENIED** without prejudice at this time.

Dated this   26th   day of May, 2010.

_____
UNITED STATES DISTRICT JUDGE