UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN HENRY WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:07CV931SNLJ |
| | ) | |
| CITY OF ST. LOUIS POLICE | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on several discovery motions filed by plaintiff. As these motions refer at times to previous motions, are often duplications, and make unrelated requests within one motion, this Court finds it best to dispose of all plaintiff's pending motions in one order. Plaintiff's motions at issue are: "Motion for Disclosure," #55; "Motion for Leave of Court to Petition for Identity," #56; "Motion to Compel" #59; "Motion to Compel" #66; "Motion to Overrule Defendants' Objection" #68; "Motion to Request Leave of the Court to Supplement Motion for Discovery" #73; "Motion for Deposition by Written Question," #75; and "Motion to Withdraw Motion for Interrogatories," #84.

As a preliminary matter, it should be noted that a Case Management Order has not yet been filed, but this Court has already permitted and the parties have already engaged in extensive discovery, and in particular, this Court has addressed the several discovery requests and objections thereto in its order of June 12, 2009, #44. Because it appears that the new discovery requests and disputes involve much of the same information, it will be helpful to restate the

pertinent part of that order:

> This Court will begin with the documents requested from the City of St. Louis Police Department. Plaintiff requests that John Clobe be compelled to furnish three sets of certified copies of all documents, reports, and electronically stored information regarding: (1) internal reports and investigations relating to Officer McAteer and Officer Boyd, including misconduct, complaints filed, and reason for leaving or discharge; (2) all information that concerns plaintiff and any statements related to his action; (3) all computer checks run on plaintiff's vehicle from July 4, 2004, to August 23, 2004; (4) copies of the official complaint 911 call and police dispatch communications relating to the call; and (5) the identity of said confidential informant(s).
>
> This Court holds that, because this action is based on the alleged misconduct of Officer Boyd, and Officer McAteer is alleged to be his supervisor, plaintiff is entitled to any reports or complaints that might relate to their misconduct. This Court will grant plaintiff's motion to compel the production of internal reports, investigations, reports of misconduct, complaints, and reason for leaving or discharge (if any) relating to Officer McAteer or Officer Boyd for the last 5 years.
>
> This Court finds plaintiff's request for "all information that concerns . . . the plaintiff, also any statements in the above action in police report No. 04-053968." to be too vague. Plaintiff attached a copy of the police report to motion #36 so this Court is unclear what plaintiff means by statements in the above action in the police report. This Court does, however, believe plaintiff is entitled to a list of all computer checks run on his vehicle plate 015 RG3 between July 4, 2004, and August 23, 2004.
>
> Finally, this Court finds that whether the police department received a 911 call regarding plaintiff on the night of July 4, 2004, is directly related to whether the police had probable cause. Therefore, plaintiff is entitled to a transcript of the 911 call and all police dispatch police communications relating to that call and plaintiff's arrest. However, the identity of the confidential information is immaterial to plaintiff's claims in this case. Therefore, plaintiff's request to compel the production of said identity is denied.
>
> The Custodian of Records for the City of St. Louis Police Department is ordered to provide the plaintiff with three copies of: (1) internal reports and investigations relating to any misconduct or complaints filed against Officer McAteer or Officer Boyd, as well as their reason for leaving or being discharged from the department (if any); (2) all computer checks run on plaintiff's vehicle from July 4, 2004, to August 23, 2004; and (3) a transcript of the 911 call and all

police dispatch police communications relating to plaintiff's arrest on July 4, 2004.

With these rulings in mind, and the fact that plaintiff is proceeding pro se, this Court first addresses plaintiff's "Motion for Disclosure" under Rule 26 and 34 Governing Discovery, #55, and his "Motion to Compel", #66, seeking to compel the disclosures sought in Motion #55. In addition, plaintiff has filed a "Motion to Over Rule [sic] defendant's objections to the Plaintiff's Motion for Discovery under Rules 26 and 34," #68, which appears to supplement the "Motion to Compel," #66. Defendants' responses to these motions, in #69 and 70, respectively, are both procedural and substantive. In any event, defense counsel stated that they intend "to fully respond to Plaintiff's Request by October 28, 2009," and because that date has now passed, the Court assumes that defendants have done so. In the absence of further complaint by plaintiff, these motions, #s 55, 66 and 68, are all denied as moot.

In addition, plaintiff filed a "Motion to Request Leave of Court to Supplement Motion for Discovery under Rule 26 and 34 Governing Discovery," # 73. Defendants responded, #74, that they will answer these additional discovery requests by December 7, 2009, and because that date, too, has now passed, the Court assumes that defendants have done so. Again, in the absence of further complaint by plaintiff, Motion # 73 is denied as moot.

Plaintiff also filed a "Motion for Leave of Court to Petition for Identity and all Statements, Affidavits, and Agreements of Said Confidential Informant," #56. Although defendants responded, #62, that they "[do] not oppose Plaintiff's Motion. . . under Rule 34," they complain about the time frame for doing so. Because of the age of the case, the lapse of time since defendant's response, and the lack of a scheduling order, defendants shall provide full

answers to the Motion within 21 days of this order, if they have not done so already.  However, plaintiff's request for the identity of the confidential informant need not be disclosed, as per this Court's order of June 12, 2009, and to that limited extent, the Motion is denied.

Plaintiff also filed a separate "Motion to Compel," #59, in which he requests an order seeking to compel production of the "911 Transcript for Crime Complaint #04-2370-01."  This production was previously ordered in this Court's order of June 12, 2009, and the Court assumes that the production has now been made, so that the motion should be denied as moot.  To the extent that the Motion also requests "All documents stated for redact" and "All personal information before turning it over," the Motion is denied for the reason that the Court cannot comprehend exactly what is being requested.

Next, plaintiff has filed a "Motion for a Deposition by Written Question," #75.  This motion shall be denied because Rule 31 does not authorize a party to direct another party's counsel to submit questions to a non-party witness, which is the action to which the motion is addressed.  In addition, this Court has ruled that the identity of the confidential informant shall not be revealed.

Finally, plaintiff's "Motion to Withdraw Motion for Interrogatories," #84, is granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's discovery motions #55, #59, #66, #68, and #73 are **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel #56 is **GRANTED,** and defendants shall provide full responses to the motion within 21 days of this order, if they have

not already done so. To the extent that motion #56 requests the identity of the confidential informant, however, it is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for deposition by written question, #75, is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to withdraw interrogatories, #84, is **GRANTED.**

Dated this   26th   day of May, 2010.

_____
UNITED STATES DISTRICT JUDGE