UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN HENRY WOODS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:07CV931SNLJ |
| | ) |
| CITY OF ST. LOUIS POLICE | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on twelve motions filed by plaintiff. As these motions refer at times to previous motions, request the same or similar actions, and make unrelated requests within one motion, this Court finds it best to dispose of all plaintiff's pending motions in one memorandum and order. Plaintiff's motions at issue are: Motion for Sanctions (#100); Motion for Hearing on Damages (#102); Motion for Joinder (#103); Motion for Disclosure (#104); Motion for Discovery under Rules 26 and 35 (#105); Motion for Interrogatories (#109); Motion for Service of Third Party Complaint (#117); Motion for Admission Under Rule 36 (#120); Motion to Subpoena Document under Rule 45 (#121); Motion to Supplement Discovery (#122); Motion to Compel (#123); and Motion to Subpoena Documents and Response under Rules 45 and 34(c) (#124).

Defendant Board of Police Commissioners of the City of St. Louis, which was previously dismissed from the case and is now no longer a party, has nonetheless responded (#114, #116, #125) to the Motion for Sanctions (#100), the Motion of Discovery (#105), and the Motion to Compel (#123). Defendant McAteer has filed responses (#115, #118) to the Motion for Joinder

( #103) and the Motion for Service (#117).

**I. Procedural Background**

Plaintiff filed this action on May 4, 2007, claiming a violation of his Fourth Amendment rights under 42 U.S.C. § 1983 relating to his arrest in July of 2004 in St. Louis City. Plaintiff brought suit against the City of St. Louis Police Department, Officer Donnell Boyd, Unknown Tyson, and Officer Michael W. McAteer. Plaintiff alleges that Officer Boyd lacked probable cause to arrest him and search his vehicle, that the defendants conspired to fabricate police reports, and that his vehicle was taken into police custody and never returned.

Defendants City of St. Louis Police Department and Unknown Tyson were dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) on May 31, 2007. Defendant Boyd was dismissed on July 29, 2008, but this Court added Boyd again as a defendant in the order filed June 12, 2009. A default judgment was entered against Defendant Boyd on May 26, 2010, but damages have not been addressed. Defendants Boyd and McAteer currently are the only defendants in this action.

**II. Motions**

    **1.    Motion for Sanctions (#100)**

Plaintiff has moved for sanctions (#100) against the defendants or the Board of Police Commissioners of the City of St. Louis ("Board"), claiming that he has not received certain documents that this Court ordered be produced.

First, plaintiff states that defendants did not produce all computer checks run on plaintiff's vehicle from July 4, 2004 to August 23, 2004 (as ordered in the Court's June 12, 2009 Order (#44)). The Board does not possess that information, so plaintiff states that the Board told him to

direct his request to the Regional Justice Information Service ("REJIS"), but that the Board refused to provide plaintiff with the address. The Board states that Defendant McAteer's counsel provided the address for REJIS in correspondence that the Board attached to its response. The letter shows that plaintiff has been provided with the address for REJIS. Plaintiff did not file a reply brief to refute his receipt of the letter or REJIS's address, but he has filed other motions that indicate he has received REJIS's address.

Second, plaintiff states that he did not receive transcripts for a July 4, 2004 911-call, that were also the subject of this Court's June 12, 2009 Order (#44). The Board responds that it sent three copies of the transcripts by U.S. Mail to plaintiff on July 20, 2009, with an additional copy sent to defense counsel (who received his copy). The Board also notes that the July 9, 2010 correspondence from defense counsel to plaintiff shows that the plaintiff has received three additional copies of the transcript. Again, the plaintiff did not file a reply brief to refute his receipt of the letter or its enclosures. Further, plaintiff's other filings, including his Rule 26 disclosures, indicate that he has received the July 4, 2004 911-call transcripts.

Notably, the plaintiff's motion for sanctions was filed on July 6, 2010, which predates the July 9, 2010 correspondence. The motion for sanctions is DENIED on these first two matters because it appears that plaintiff's concerns have been addressed by the Board.

Finally, plaintiff states he has not received any statements, affidavits, and agreements of the confidential informant as ordered by this Court in the May 26, 2010 Order (#94). The Board states that it cannot identify any documents that relate to the confidential informant because it does not know the identity of the confidential informant. Defendant McAteer has not responded at all. Because the Court does not know the extent to which these defendants have now responded

to this Court's May 26, 2010 Order (#94), the defendants will be ordered to show cause why sanctions under Federal Rule of Civil Procedure 37(b)(2)(A) should not be imposed for their failure to produce statements, affidavits, and agreements of the confidential informant in compliance with this Court's Order dated May 26, 2010.

### 2. Motion for Hearing on Damages (#102)

The plaintiff requests a date be set for a hearing on damages so that he may obtain the evidence he needs to prove his damages (#102). The plaintiff does not state precisely what his motion relates to, but the Court infers that it relates to the default judgment he has been granted against Defendant Donnell Boyd, with damages to be determined (#93). Plaintiff may submit any evidence of damages by way of affidavits, and therefore, no hearing is necessary at this time. Plaintiff's motion for a hearing on damages is DENIED without prejudice.

### 3. Motion for Joinder of Deborah Boellinh (#103)

On July 7, 2010, plaintiff moved to join Sgt. Deborah Boellinh because he alleges she was the supervisor for Defendant Donnell Boyd and approved an incident report that is at issue in this litigation. Defendant McAteer filed a response on July 21, 2010 (#115), and he stated he has no objection to the motion. However, the Court notes that plaintiff actually seeks to amend his complaint to add claims against Boellinh. The deadline for joining additional parties was August 2, 2010, so while the plaintiff's motion was timely, plaintiff must move to amend his complaint to add claims against Boellinh. Plaintiff should attach to his motion to amend the complaint an Amended Complaint that contains all allegations and all claims against all defendants. The motion will be DENIED, but plaintiff will be granted 30 days to file his motion to amend along with the Amended Complaint.

4. **Discovery "Motions" (#104, #105, #109, #120)**

Defendant filed several "motions" that actually contain plaintiff's disclosures as required under Federal Rule of Civil Procedure 26(a) and various discovery requests. Many of the discovery requests, however, are directed at the Board of Commissioners. Pursuant to Federal Rules of Civil Procedure 33, 34, and 36, however, these discovery requests may be served on parties only. Neither the Board nor the officers identified in the discovery requests are parties to this matter. Although the "motions" require no action by the Court, the plaintiff is advised that he should review the discovery rules and serve his requests pursuant to them. These "motions" are not in fact motions but discovery documents, so the filings are STRICKEN.

5. **Motion to Request That The Third Party Complaint Be Served On All Defendants (#117)**

This motion, filed July 27, 2010, appears to seek to amend the complaint and add new defendants, namely, Francis Slay, Todd Epsten, and Bettye Battle-Turner. As with plaintiff's motion for joinder of Deborah Boellinh, plaintiff must move to amend his complaint to add claims against these parties. Plaintiff should attach to his motion to amend the complaint an Amended Complaint that contains all allegations and all claims against all defendants. The motion is DENIED, but plaintiff will be granted 30 days to file his motion to amend along with the Amended Complaint.

6. **Motion to Supplement Discovery (#122)**

Plaintiff filed his "Motion to Supplement Discovery" (#122) with the Court on August 3, 2010. Plaintiff apparently seeks to add to the discovery requests he has propounded on the "defendant" St. Louis Police Department. The police department has been dismissed from this

case as a party; therefore, the plaintiff cannot proceed with discovery against the department as if it is a party. The motion is DENIED.

**7.     Motion to Subpoena Documents under Rule 45 (#121)**

Plaintiff filed his Motion to Subpoena Documents under Rule 45 (#121) on August 3, 2010. Plaintiff seeks a copy of all computer checks that have been run on his vehicle from July 4, 2004 to August 23, 2004 from Regional Justice Information Service ("REJIS"), 4255 West Pine Blvd., St. Louis, MO 63108. The motion is GRANTED, and a separate order will issue.

**8.     Motion to Subpoena Documents under Rules 45 and 34(c) (#124)**

Plaintiff filed his Motion to Subpoena Documents under Rules 45 and 34(c) (#124) on August 19, 2010. This motion appears to refer to his other "motions" seeking discovery from the Board, which is not a party to this action. Apparently realizing that he needed to subpoena the Board in order to obtain the information he seeks, he now requests that this Court "grant this motion and compel the St. Louis Police Department to turn over this information to the plaintiff." The Court cannot make sense of this motion in its current form. If the plaintiff would like to issue a subpoena on the Board, then the plaintiff should move the Court for such a subpoena, and he should state explicitly the information he seeks to obtain from the subpoena. The motion is DENIED without prejudice.

**11.    Motion to Compel (#123)**

Plaintiff filed his Motion to Compel Discovery under Rule 34© (#123) on August 12, 2010. The Board responded on August 23, 2010 (#125). Plaintiff seems to complain that the Board has not responded to his discovery requests. As indicated above, however, in response to plaintiff's Motion to Subpoena Documents under Rules 45 and 34(c) (#124), the plaintiff should

move the Court for a subpoena, and he should state explicitly the information he seeks to obtain from the subpoena. The motion is DENIED without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for sanctions (#100) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that Defendants McAteer and the Board are ordered to show cause within 14 days of the entry of this order why sanctions under Federal Rule of Civil Procedure 37(b)(2)(A) should not be imposed for their failure to produce statements, affidavits, and agreements of the confidential informant in compliance with this Court's Order dated May 26, 2010.

**IT IS FURTHER ORDERED** that plaintiff's motion for a hearing on damages (#102) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motions for joinder of Deborah Boellinh and to request that the third party complaint be served on all defendants (#103, #117) are **DENIED** without prejudice. Plaintiff must move to amend his complaint to add claims against Deborah Boellinh, Francis Slay, Todd Epsten, and Bettye Battle-Turner. Plaintiff should attach to his motion to amend the complaint an Amended Complaint that contains all allegations and all claims against all defendants. Plaintiff is granted 30 days from the date of this order to file his motion to amend along with the complete Amended Complaint.

**IT IS FURTHER ORDERED** that plaintiff's discovery "motions" (#104, #105, #109, #120) are **STRICKEN** because they require no action by the Court.

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement discovery (#122) is

**DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to subpoena documents under Rules 45 & 34(c) (#124) is **DENIED** without prejudice.

**IT IS FINALLY ORDERED** that plaintiff's motion to compel (#123) is **DENIED** without prejudice.

Dated this   10th   day of September, 2010.

                                                UNITED STATES DISTRICT JUDGE