UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JOHN HENRY WOODS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. 4:07CV931SNLJ |
| CITY OF ST. LOUIS POLICE DEPARTMENT, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on three related motions filed by plaintiff. On September 10, 2010, the Court issued a memorandum and order (#130) addressing plaintiff's attempts to add certain defendants to his complaint. The Court's Order stated:

> Plaintiff must move to amend his complaint to add claims against Deborah Boellinh, Francis Slay, Todd Epsten, and Bettye Battle-Turner. Plaintiff should attach to his motion to amend the complaint an Amended Complaint that contains all allegations and all claims against all defendants.

(#130 at 7.) Because the plaintiff had filed his motions attempting to add those defendants shortly before the deadline to amend his pleadings passed, the Court permitted him 30 days in which to file for leave to amend his complaint.

Since that Order issued, plaintiff has filed three motions: (1) September 13, 2010 Motion to Supplement Motion for Joinder (#132); (2) September 13, 2010 Motion for Leave of Court to Refile Third Party Complaint (#133); and (3) September 28, 2010 Motion to Amend Complaint (#141).

Motions #132 and #133 both relate to plaintiff's earlier attempts to add Deborah Boellinh

as a defendant, and they were apparently filed before plaintiff received a copy of the Court's Order requiring him to move to amend his complaint to add her (and others) as a defendant. Those two motions will therefore be denied as moot.

Plaintiff's Motion to Amend (#141) is not in compliance with this Court's September 10, 2010 order. The Amended Complaint appears to name only Deborah Boellinh, Francis Slay, Todd Epsten, and Bettye Battle-Turner as defendants, and, although somewhat difficult to decipher, the Amended Complaint appears to presents allegations and claims against only those defendants. As indicated above, the Court's September 10 Order required plaintiff to "that contains all allegations and all claims against all defendants." Defendant Michael McAteer filed a response to plaintiff's Motion to Amend on October 7, 2010 (#144), requesting that the motion either be denied or that the Amended Complaint be deemed to have superseded prior complaints (thus excluding Defendant McAteer from the litigation).

The Court acknowledges that plaintiff is proceeding *pro se* and recognizes that the plaintiff most likely misunderstood the Court's September 10 Order. Plaintiff will be offered one final chance to amend his complaint. Plaintiff is advised that the amended complaint will supercede his earlier-filed complaint and any and all "supplements" to the complaint, so the new amended complaint should contain both (1) all allegations and claims from his Complaint and the "supplements" against the current defendants, and (2) allegations and claims against new defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Supplement Motion for Joinder (#132), Motion for Leave of Court to Refile Third Party Complaint (#133), and Motion to

Amend Complaint (#141) are DENIED without prejudice.

**IT IS FURTHER ORDERED** that plaintiff shall have 30 days from the date of this Order in which to move for leave to amend his complaint. Plaintiff must name *each and every defendant* he wishes to proceed against in the amended complaint — that is, he must name both the existing defendants and the new defendants he wishes to add. The amended complaint must contain *all* allegations and claims against *all of the defendants*. The amended complaint will supercede plaintiff's earlier-filed complaint and all "supplements" to the complaint.

Dated this   1st   day of November, 2010.

```
                                    _____
                                    UNITED STATES DISTRICT JUDGE
```