UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JOHN HENRY WOODS, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | No. 4:07CV931SNLJ |
| CITY OF ST. LOUIS POLICE DEPARTMENT, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Donnell Boyd's Motion to Reconsider Denial of Request to Set Aside Default Judgment, filed November 4, 2010 (#156) and related motions. Responsive pleadings have been filed.

### I. Procedural Background

Plaintiff filed this action on May 4, 2007, claiming a violation of his Fourth Amendment rights under 42 U.S.C. § 1983 relating to his arrest in July of 2004 in St. Louis City. Plaintiff brought suit against the City of St. Louis Police Department, Officer Donnell Boyd, Unknown Tyson, and Officer Michael W. McAteer. Plaintiff alleges that Officer Boyd lacked probable cause to arrest him and search his vehicle, that the defendants conspired to fabricate police reports, and that his vehicle was taken into police custody and never returned.

Defendants City of St. Louis Police Department and Unknown Tyson were dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) on May 31, 2007. Defendant Boyd was dismissed on July 29, 2008, but this Court added Boyd again as a defendant in the order filed June 12, 2009. A default judgment was entered against Defendant Boyd on May 26, 2010, but

damages have not been addressed.

Defendant Boyd, then *pro se*, moved to set aside the default judgment on June 4, 2010 (#96), stating that the entry of default "was due to Donnell Boyd's mistake, inadvertence, surprise or excusable neglect." One June 24, 2010, the Court denied the motion because a mere formulaic recitation of Rule 60(b)(1) of the Federal Rules of Civil Procedure was insufficient to relieve Boyd from the default order.

Boyd has since obtained counsel, and counsel has filed the motion currently before the Court along with an affidavit from Boyd. Boyd states in his affidavit that, beginning shortly after plaintiff's July 4, 2004 arrest, plaintiff repeatedly sent correspondence to defendant Boyd. Boyd states that, eventually, he ceased opening correspondence from plaintiff. When defendant Boyd was served with the complaint, Boyd states that he believed plaintiff was sending him correspondence via certified mail, and Boyd disregarded the complaint. Boyd says he did not realize the "certified mail" had in fact been a civil complaint until he received notice of the default judgment from the Court on or about May 28, 2010.

Boyd said that he immediately contacted the St. Louis Police Association seeking representation. Counsel appeared on behalf of defendant Boyd on October 6, 2010 and filed the instant motion on November 4, 2010.

## II.  Discussion

Under Federal Rule of Civil Procedure 60(b)(1), the Court may relieve a party from a final judgment for "mistake, inadvertence, or excusable neglect." "Excusable neglect" in this context is generally "'understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.'" *Union Pac. R.R. v. Progress Rail Servs. Corp.*, 256

F.3d 781, 782 (8th Cir. 2001) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 394 (1993)). In assessing whether such neglect is excusable, several factors are relevant, including (1) the length of the delay and its potential impact on proceedings; (2) the danger of prejudice to the non-moving party; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant. *Pioneer*, 507 U.S. at 395. The Court takes into account "all relevant circumstances surrounding the party's omission." *Id.*

Defendant Boyd argues that his failure to recognize he had been named as a defendant in a lawsuit is excusable neglect, and that the default order should be vacated because (1) the delay caused is minimal at best; (2) there is no danger of prejudice to plaintiff; and (3) the defendant has acted in good faith.

Boyd was personally served on August 4, 2009 by Deputy U.S. Marshal William O'Shaughnessy, according to the Process Receipt and Return filed with the Court (#57). It seems odd that Boyd, a former police officer, would mistake a U.S. Marshal for a U.S. Postal Worker. Further, it is surprising that Boyd would not recognize a summons and complaint. That said, Boyd's neglect was excusable and appears to have occurred in good faith in light of the harassing correspondence he says he received from the plaintiff. The plaintiff has not refuted Boyd's statements with evidence that is properly before the Court. Boyd's good faith was also demonstrated by his prompt (although initially unsuccessful) attempt to vacate the default judgment.

Additionally, Boyd has sufficiently shown that the delay caused by vacating his default judgment will be minimal. Indeed, discovery is still in progress, and Boyd's counsel has been

engaged in this matter since entering an appearance in October 2010. Plaintiff has been attempting to add parties to the complaint, as well, and although he has been unsuccessful in doing so, Boyd is correct that the deadline for adding parties to the complaint passed only recently.

Finally, Boyd is correct that plaintiff is unlikely to be prejudiced if the default is vacated. Boyd did not delay seeking to vacate the default judgment, and, as indicated above, discovery has been minimal thus far. Plaintiff will not need to retake any depositions because the only deposition that has been taken has been plaintiff's. It is also likely that any written discovery plaintiff would seek from Boyd would have already been sought from the Board of Police Commissioners. In sum, vacating Boyd's default judgment at this time will not undermine plaintiff's ability to advance his claim.

Because Boyd's failure to answer or otherwise respond to the complaint was the result of excusable neglect, his default judgment shall be vacated.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Donnell Boyd's Motion to Reconsider Denial of Request to Set Aside Default Judgment, filed November 4, 2010 (#156) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Default Judgment ordered against Defendant Donnell Boyd (#93) is **VACATED**. Defendant Boyd is granted fourteen days through and including April 26, 2011, to file an answer or otherwise respond to plaintiff's complaint.

**IT IS FURTHER ORDERED** that the following motions are **DENIED** as moot as the result of the Court's vacating the Default Judgment against Defendant Boyd: Plaintiff's Motion

to File Affidavit in Support of Damages (#140), Plaintiff's Motion to Supplement the Plaintiff's Affidavit for Damages (#154), Plaintiff's Motion to Appoint a Payee for Damages (#155), Defendant Boyd's Motion for Extension to Reply to Plaintiff's Motion to File Affidavit in Support of Damages (#158), and Defendant Boyd's Motion in Opposition to Plaintiff's Motion to Assign Damages (#163).

Dated this   12th   day of April, 2011.

_____
UNITED STATES DISTRICT JUDGE