UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN HENRY WOODS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:07CV931 SNLJ |
| DONNELL BOYD, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to compel, #186, in which plaintiff requests an order compelling defendant Donnell Boyd to provide "full and complete" answers to the interrogatories served upon defendant Boyd on August 12, 2011. With his motion to compel, plaintiff has also submitted a notice or motion relating to discovery, #186 p. 2, which appears to be a request for production of documents and things. In addition, plaintiff's reply memorandum contains a "supplemental" discovery motion, or correction, to the aforementioned request for production, #188-1. Defendant has filed a response to the motion to compel, to which plaintiff has replied.

### I. Plaintiff's Motion to Compel

Plaintiff's motion to compel, directed to defendant Donnell Boyd, claims that Boyd has failed to provide full and complete answers to plaintiff's interrogatories, which were served on August 12, 2011.[1] Under Rule 37(a) of the Federal Rules of Civil Procedure, a party may move for a motion compelling disclosure or discovery when "a party fails to answer an interrogatory

---

[1] Plaintiff's reply memorandum clarifies that his request for full and complete answers pertains to interrogatory two through interrogatory sixteen. Plaintiff's first interrogatory is actually a request for production of documents.

submitted under Rule 33." A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* Plaintiff has attached a copy of a letter to defense counsel, dated December 21, 2011, stating his objection to the "very general response" of defendant to the interrogatories and requesting that defense counsel confer with defendant and provide a "full complete and correct" answers. Defendant responds that, although plaintiff may not be satisfied with the answers provided, defendant has complied with the rules of procedure and "has no additional information to provide to Plaintiff."

The Court is unable to grant plaintiff's motion to compel because plaintiff has provided insufficient support for the motion and because many of his interrogatories, as defendant objects, are vague and ambiguous. Plaintiff's blanket assertion regarding the majority of defendant's answers – that defendant has failed to provide "full and complete" answers – does not inform the Court regarding what information is lacking and how defendant is capable of providing more information when defendant has stated that he possesses none.

In reviewing plaintiff's motion, the Court has divided plaintiff's interrogatories into three groups for convenience and will discuss each in turn. First, the Court turns to interrogatories two, four, nine, and ten, which state as follows:

> 2) State place, time and location of your meeting with your informant and how you were contacted by this informant on 7/4/04.
>
> 4) Why did you not follow police procedure by contacting the dispatcher and informing them of what you had learned from the informant.
>
> 9) On 7/4/04 the[re] w[ere] several other witnesses standing outside why was this not mentioned in incident report.

>    10) What was you[r] reasoning for not stating in your incident report that you had turn[ed] the plaintiff's car keys over to Ms. April Breach.

With regard to interrogatories two, nine, and ten, defendant's answer refers plaintiff to the incident report and provides that he met the informant on the date of the incident and in the general vicinity in which the incident occurred. The Court has not been provided with a full copy of the incident report, and is therefore unable to assess whether the information therein satisfies plaintiff's request to know how the informant was contacted.[2]  *See* Plf's Reply, #188, p. 1. Without more information from plaintiff as to why this answer was insufficient, the Court will not compel defendant to answer further. With regard to interrogatory four, defendant responds that he did, in fact, follow appropriate police procedure. Again, without more information from plaintiff, the Court is unable to assess whether defendant's answer is incomplete. Accordingly, the Court will not compel defendant to provide additional answers to these interrogatories.

The Court next turns to interrogatories three, thirteen, fourteen, fifteen, and sixteen, which seek information relating to the police informant, as follows:

>    3) What was the exact reason for the informant providing this information to you.
>
>    13) State the time and the date and the circumstance that you[r] relationship came in existence with your informant.
>
>    14) Has your informant ever been convicted on a crime any violation of the law if so when and for what.
>
>    15) You stated in your incident report that you informant had show[n] to be in the past reliable with their information. Please list all the cases that you used this informant in that lead to conviction along with the dates and times.

---

[2]Plaintiff previously filed a highly marked copy of one page of the narrative section of a St. Louis Metropolitan Police Incident Report, but has not filed any portion of any incident report with this motion. *See* Plf's Motion for Leave to File Supplement to Motion to Compel, #36-2, p. 2.

      16) Does your confidential have [*sic.*] any past or present substance abuse problems.

With regard to interrogatory three, defendant objects that it is vague and ambiguous and that he is "unaware of the 'information' to which Plaintiff is referring." Plaintiff replies that he is seeking to know "the exact reason as to why this informant was providing information to the defendant" and whether the informant was being paid or received prosecutorial leniency in exchange for his information. With regard to number thirteen, plaintiff merely repeats that defendant has not provided a full and complete answer, and as to numbers fourteen, fifteen, and sixteen, plaintiff only asserts that the incident report states that the informant had been reliable in the past, and he therefore needs additional information relating to the history and background of the informant. Defendant objects to the interrogatories on the bases of vagueness and ambiguity and responds that he has no personal knowledge or information responsive to the interrogatories.

      The Court previously ordered that plaintiff be provided with a transcript of the 911 call and all police dispatch communications related to that call and plaintiff's arrest. The Court also ruled that the identity of the informant is immaterial to plaintiff's claims in this case. *See* Order of June 12, 2009, #44, pp. 4-6. After plaintiff filed a prior motion regarding defendant McAteer's answers to his interrogatories, the Court sustained defendant's objection and did not require McAteer to provide any identifying information regarding the caller/informant. *Id.* It is apparent from plaintiff's interrogatories that he has received and reviewed those transcripts, but the Court has not been provided with any information relating to whether those transcripts establish that a prior relationship existed between the police and the 911 caller or why defendant should or would have any additional information regarding the caller when he states that he has

provided all the information he possesses to plaintiff. According to plaintiff, the incident report states that the informant "had proved to be reliable in the past." Plf's Reply, #188, p. 2. That statement alone does not establish that a relationship existed sufficient for defendant to know if the informant had prior criminal convictions or substance abuse problems, or whether information obtained from him had been used to obtain any prior criminal convictions. For these reasons, plaintiff's motion to compel will be denied with regard to these interrogatories.

Finally, the Court turns to interrogatories five, six, seven, eight, eleven, and twelve, which state as follows:

> 5) Then when did you contact the dispatcher to take you out on a [indiscernible] they ask you if any other cars [were] in that area you then informed them to disregard [indiscernible] call and got out of your police car and started investigate with out any back up what was you[r] reason this action.
>
> 6) [indiscernible] for the dispatcher have car [indiscernible] meet you at your location what was your reason for this.
>
> 7) Second why did you not call your supervising officer.
>
> 8) After Sgt McAteer was contacted he requested that you call on his cell phone what [sic.] did you and Sgt have to talk about that you could say [sic.] on dispatch communications.
>
> 11) You also fail to mention that you had search[ed] the plaintiff's truck for what reason.
>
> 12) On 7/6/11 the plaintiff was release[d] when returned to the motel you w[ere] at the motel why [sic.] did you search the plaintiff and his truck again.

Defendant's objections to these interrogatories on the bases of vagueness and ambiguity will be sustained. Without further explanation, the Court is not able to understand plaintiff's requests, and other than plaintiff's bare assertion that defendant has failed to provide a full and complete answer, he has failed to explain in his motion or reply memorandum what specific information he

seeks, which has not already been provided by defendant, or why the information is relevant to his claims.  Accordingly, the Court will deny plaintiff's motion as to these interrogatories as well.

## II.  Plaintiff's Motion for Discovery

Plaintiff's motion or notice of discovery requests, as well as his supplemental motion in his reply memorandum, appear to constitute a request for production of documents and things propounded to defendants.  As they do not relate to plaintiff's motion to compel, and because they are discovery requests that are not appropriately filed with the Court, pursuant to E.D. Mo. L.R. 26-3.02(A), they will be stricken.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel, #186, is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for discovery, #186 (page 2), and supplemental motion, #188-1, are **STRICKEN**.

Dated this  20th  day of April, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE