UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN HENRY WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:07-CV-931SNLJ |
| ) | |
| CITY OF ST. LOUIS POLICE ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

This matter is before the Court on defendant Michael McAteer's Motion for Summary Judgment, which was filed February 22, 2013 (#196).  Plaintiff has not responded, and the time for doing so has passed.

**I.  Procedural Background**

Plaintiff filed this action on May 4, 2007, claiming a violation of his Fourth Amendment rights under 42 U.S.C. § 1983 relating to his July 2004 arrest in St. Louis, Missouri.  Plaintiff brought suit against the City of St. Louis Police Department, Officer Donnell Boyd, Unknown Tyson, and Officer Michael W. McAteer.  Plaintiff alleges that defendants McAteer and Boyd lacked probable cause to arrest him and search his vehicle, that the defendants conspired to fabricate police reports, and that his vehicle was taken into police custody and never returned.

Defendants City of St. Louis Police Department and Unknown Tyson were dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) on May 31, 2007.  A default judgment was entered against Defendant Boyd on May 26, 2010, but the default was vacated on April 12, 2011.  The discovery period in this case was prolonged, and the dispositive motion deadline

became stale, so the Court, on its own motion, amended the Case Management Order to set the dispositive motion deadline for February 8, 2013.  The Court granted Defendant McAteer's motion for an extension of time, and defendant McAteer timely filed the instant motion on February 22, 2013.  Plaintiff has not responded to the motion.  Defendant Boyd — who, like McAteer, is represented by the Missouri Attorney General's office —  has not filed any motion for summary judgment at all.

## II.     Factual Background

For the purpose of summary judgment, defendant McAteer offers the following statement of undisputed facts, as relayed by plaintiff's deposition testimony.[1]  On July 4, 2004, Plaintiff was staying at the Mansion Motel.  Plaintiff encountered Defendant Police Officer Donnell Boyd that afternoon while standing at his truck, which was parked in front of the motel.  As plaintiff stepped around his truck, Defendant Boyd got out of his vehicle and approached him, searched him, placed him in handcuffs, and started looking around his truck.  Defendant Boyd picked up a small jar with individually wrapped baggies containing what appeared to be crack cocaine.

Defendant McAteer arrived at the scene after plaintiff's encounter with Boyd.  After McAteer arrived, Boyd told McAteer that he stopped plaintiff because he had seen several people standing in front of the Mansion Motel and that he saw plaintiff drop a container which contained drugs. Defendant Boyd did not say anything to McAteer expressing any concerns with regard to the probable cause for Plaintiff's arrest.

According to plaintiff, McAteer then told Boyd that he lacked probable cause to approach

---

[1] Defendant indicates in his memorandum that he intends to discredit "most of" plaintiff's testimony at trial and that he poses this version of the facts for the purpose of summary judgment.

and subsequently arrest Plaintiff and told Defendant Boyd that "It's all about how you write it up."  Plaintiff testified that he and Defendant Boyd then left the scene.  Plaintiff had no further contact with Defendant McAteer after hearing the conversation with Boyd.

Plaintiff brought this action under 42 U.S.C. § 1983 for alleged false arrest and false imprisonment (against both Boyd and McAteer), and excessive force (apparently against Boyd only), all in violation of his Fourth Amendment rights.

**II.     Legal Standard**

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962).  The burden is on the moving party.  *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988).  After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts.  *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts.  *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983).  The court is required to resolve all conflicts of evidence in favor of the nonmoving party.

*Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to the discussion.

### III. Discussion

Defendant McAteer contends that summary judgment should be granted to him on plaintiff's Fourth Amendment claims. Plaintiff alleges that McAteer arrived after Boyd had handcuffed and placed plaintiff in Boyd's patrol car. Plaintiff also alleges that McAteer told Boyd that Boyd did not have probable cause to arrest plaintiff and advised Boyd that "It's all about how you write it up." Plaintiff alleges he was held for 20 hours and was released on July 5, 2004.

"It is well established that a warrantless arrest without probable cause violates an individual's constitutional rights under the Fourth and Fourteenth Amendments." *Hannah v. City of Overland, Mo.*, 795 F.2d 1385, 1389 (8th Cir. 1986). "But a police officer 'who arrests someone with probable cause is not liable for false arrest simply because the innocence of the suspect is later proved.'" *Id.* (quoting *Pierson v. Ray*, 386 U.S. 547, 555 (1967)). This Court's inquiry then is whether the officers had probable cause to arrest plaintiff on July 4, 2004. *See also Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001) ("a false arrest claim under §1983 fails as a matter of law where the officer had probable cause to make the arrest.").

Probable cause exists if "the totality of facts based on reasonably trustworthy information would justify a prudent person in believing the individual arrested had committed ... an offense" at the time of the arrest. *Hannah*, 795 F.2d at 1389; *see also Smithson v. Aldrich*, 235 F.3d 1058, 1062 (8th Cir. 2000). Here, according to plaintiff's own deposition testimony, Boyd — the arresting officer — told plaintiff he had stopped plaintiff because he had seen plaintiff drop a

container of drugs.  Boyd's seeing plaintiff drop a container of drugs constitutes "reasonably trustworthy information [that] would justify a prudent person in believing the individual arrested had committed ... an offense." *Hannah*, 795 F.2d at 1389.  The "arresting officer's state of mind (except for the facts that he knows) is irrelevant" to the Court's inquiry; that is, "his subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004).

It is undisputed that defendant McAteer arrived after Boyd made the arrest.  Although plaintiff has not responded to defendant's motion, the only dispute (based on plaintiff's pleadings) appears to be whether McAteer later told Boyd that Boyd did not have probable cause and that "it's all about how you write it up."  Whether or not that happened, however, is not material to McAteer's liability.  McAteer did not arrest plaintiff, and plaintiff himself testified that — before McAteer arrived — Boyd told *plaintiff* that he had seen plaintiff drop the drugs.  Thus, there is no suggestion that McAteer inspired Boyd to make up such a story or even that McAteer would have reason to believe that Boyd had improperly arrested plaintiff.  As a result, summary judgment will be granted to defendant McAteer on plaintiff's Fourth Amendment claim.

Plaintiff uses the term "conspiring" in his complaint when describing defendants McAteer's and Boyd's conduct.  (#4 at ¶ 76.)  To the extent plaintiff claims McAteer was involved in a conspiracy to deprive him of his civil rights, plaintiff must "allege with particularity and specifically demonstrate material facts that the defendants reached an agreement." *Reasonover v. St. Louis Cnty., Mo.*, 447 F.3d 569, 582 (8th Cir. 2006) (quoting *Marti v. City of Maplewood*, 57 F.3d 680, 685 (8th Cir. 1995)).  Plaintiff has not attempted to make such a

showing, thus defendant McAteer granted summary judgment on any alleged conspiracy claim.

## IV.     Conclusion

Summary judgment will be granted to defendant McAteer on all plaintiff's claims.

Remaining for trial in this matter is plaintiff's claim against defendant Boyd.

Dated this   12th   day of June, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE